# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**DANNY TWANA BOOSE**                                                   **PETITIONER**

**v.**                                         **No. 1:95-cr-82-SA**

**USA**                                                             **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Danny Twana Boose to vacate, set aside, or correct his sentence under 28 U.S.C.A. §2255. ECF doc. 69. The government has responded to the motion, and the matter is ripe for resolution.

### Facts and Procedural Posture

In 1996, Boose was convicted of kidnapping and aggravated sexual abuse and sentenced to concurrent life terms. Because of two (2) prior convictions for the burglary and larceny of a dwelling, Boose was sentenced as a career offender under Guideline 4B1.1. Boose appealed his convictions and sentences, which were affirmed by the Fifth Circuit. On July 1, 2016, Boose filed a *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C.A. §2255, arguing that he is entitled to relief pursuant to the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF doc. 69. The government filed a response and the Federal Public Defender's Office ("FPDO") was appointed to represent Boose. ECF docs. 71 and 72. The FPDO has reviewed the merits of Boose's *Johnson* claim and has notified the court that they will not be filing an appearance on his behalf. For the reasons discussed herein, Boose's petition is denied.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

## The *Johnson* Decision

In his petition, Boose asserts that, under *Johnson, supra*, his prior convictions for burglary do not qualify as crimes of violence. In *Johnson, supra*, the Supreme Court considered

the constitutionality of the "residual clause" of the Armed Career Criminal Act ("A.C.C.A."). The A.C.C.A. provides for the enhanced sentencing of a convicted felon who "has three previous convictions … for a violent felony or a serious drug offense, or both…." 18 U.S.C.A. §924(e)(1). The A.C.C.A. further defines a "violent felony" as a crime punishable by more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*…

18 U.S.C.A. §924(e)(2)(B)(emphasis added). The *Johnson* decision specifically addresses the "residual clause" of subsection (ii), which is italicized above. The Court found that, for the purposes of the A.C.C.A., "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. As such, the *Johnson* Court ultimately held that the residual clause of the A.C.C.A. was unconstitutionally vague.[1] *Id*. at 2563.

### Boose's Convictions and Sentences are Valid

Boose was not sentenced pursuant to the A.C.C.A. As noted above, Boose was sentenced as a career offender for the purposes of the Sentencing Guidelines and received an additional enhancement under §4B1.1. Because of his career offender status, among other factors, the applicable sentencing range under the Guidelines was 360 months to life. The Supreme Court has held that "the advisory Sentencing Guidelines are not subject to a due process vagueness

---

[1] The Court further noted that, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*.

3

challenge." *Beckles v. U.S.*, 137 S.Ct. 886, 897 (2017). As such, the reasoning of the *Johnson* decision is not applicable to the Sentencing Guidelines. Moreover, the Fifth Circuit has held that *Johnson* does not apply to the Guideline's career offender definition. *U.S. v. Jeffries*, 829 F.3d 769 (5th Cir. 2016). For these reasons, Boose is not entitled to relief pursuant to *Johnson, supra*.

### Conclusion

As discussed above, Boose's claim lacks merit, and the instant motion to vacate, set aside, or correct Danny Twana Boose's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 22nd day of June, 2018.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI**